May Term, 1861.

LARRIMORE v. HERON.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. C. Applegate*, for the appellant.

---

LARRIMORE and Others *v.* HERON, Receiver of the SAVINGS BANK OF INDIANA.

*A.* drew a bill of exchange upon the firm of *A. & Co.*, in favor of *C.*, which *C.* indorsed to *A. & Co.*, and they to the bank. Suit by the receiver upon the bill. Answer by *A.* and *C.*, that the bill was executed and discounted for the use of *A. & Co.*, and that *C.* was only an accommodation indorser; that at the time the bill became due, and before the appointment of the receiver, the bank was indebted to *A.*, for the use of *A. & Co.*, in the sum of $250, for money had and received for their use; and in a further sum of $250 for money deposited by one *T.*, for the use of *A. & Co.*

*Held*, that the answer substantially alleged the indebtedness to be due from the bank to *A. & Co.*

*Held*, also, that as *A. & Co.* were the principal debtors, an indebtedness from the bank to them could be set-off against the bill sued on; and the statute allows the defense to be made by the principal or any other defendant.

Monday, June 10.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—This was an action by *Heron*, as receiver of the *Savings Bank of Indiana*, duly appointed by the Court,

against *Allen V. Larrimore*, *Elisha Vance* and *George W. Dale*, upon a bill of exchange drawn by *Larrimore* upon *Larrimore & Dale*, in favor of *Elisha Vance*, and by *Vance* indorsed to *Larrimore & Dale*, and by the latter indorsed to the bank. Process not having been served upon *Dale*, the cause was continued as to him.

May Term,
1861.

LARRIMORE
v.
HERON.

*Larrimore* and *Vance* pleaded, among other things, that the bill was made, executed, and discounted in the Savings Bank, for the use and benefit of *Larrimore & Dale*, and that the defendant *Vance* was only an indorser thereof for their accommodation. That about the time the bill became due, and before the appointment of the plaintiff as such receiver, the bank was, and still is, indebted to *Larrimore*, for the use of *Larrimore & Dale*, in the sum of $250, for money theretofore had and received by the bank for the use of *Larrimore & Dale*; and in the sum of $250, for money deposited in the bank by *Larrimore* for the use of *Larrimore & Dale*; and in the sum of $250, being a balance of $600 before that time deposited in the bank by one *Talbott* for the use of *Larrimore & Dale*, which sums *Larrimore* offered to set off. Demurrer sustained to the plea; exceptions, and final judgment for the plaintiff.

This plea we think substantially good. It is, as the counsel for the appellee says, a kind of nondescript in pleading, in alleging an indebtedness of the bank to one man, for the use of himself and another. But the averments specifying the particulars of the indebtedness show, and we think substantially allege, the indebtedness to be to *Larrimore & Dale*. Indeed, an indebtedness to *Larrimore* for the use of *Larrimore & Dale*, seems to amount to an indebtedness to *Larrimore & Dale*. Under the code they would both have to sue upon it, and we think were *Larrimore & Dale* alone sued, and both before the Court, they could set off the indebtedness. This is a mere formal matter, and we pass to the more substantial objection urged against the plea. It is urged that the law does not allow a set-off in such cases.

The statute provides, that "In all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties thereon, any claim upon

contract in favor of the principal defendant, and against the plaintiff or any former holder of the note or other contract, may be pleaded as a set-off by the principal or any other defendant." 2 R. S., § 58, p. 40.

We are unable to perceive why this case is not within the spirit of the statute. The facts as alleged are substantially these: *Larrimore & Dale* wanted money. *Larrimore* drew his bill upon *Larrimore & Dale*, in favor of *Vance*, who indorsed it to *Larrimore & Dale*, who indorsed it to the bank, and received the proceeds. Thus *Larrimore & Dale* became the principal debtors. *Vance* is only liable as a remote indorser. Although all may be joined in a suit upon the bill, yet as *Larrimore & Dale* are the principal debtors, an indebtedness from the bank to them may, under the statute, be set off. The statute allows this defense to be made by the "principal or any other defendant."

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Elisha Vance*, for the appellants.

*Jno. S. Reid*, for the appellee.